UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**FRIEDRICH & FRIEDRICH, LLC**
203 Godwin Avenue
Ridgewood, New Jersey 07450
(201) 670-9600
(201) 670-9650 Fax
Attorney(s) for Plaintiff
David B. Friedrich
DF1522

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/23/08

STEVEN MADDEN, LTD.,

    Plaintiff,

v.

SM TIMING, LLC.,
THE VESTAL GROUP, INC.
RUDY C. THEALE, JR.,
and IRA ROBB,

    Defendants.

Civil Action No.: 07 CV 9838 (PKL)

**NOTICE OF DISMISSAL**

TAKE NOTICE the matter in the above entitled action having been amicably adjusted by and between the parties is hereby agreed that same be and is hereby dismissed without costs against either party, with prejudice, subject to the parties complying with the stipulated settlement attached hereto.

Dated: January 23, 2008

    SO ORDERED:

*[signature]* 1/23/08
Honorable Peter K. Leisure U.S.D.J

Case 1:07-cv-09838-PKL   Document 3   Filed 01/23/2008   Page 2 of 3

## TERMINATION OF LICENSE AGREEMENT

Agreement (the "Agreement") made and entered into as of this 14th day of December, 2007, by and among Steven Madden, Ltd. ("Madden"), a Delaware corporation with offices at 52-16 Barnett Avenue, Long Island City, New York 11104; SM Timing, LLC, ("SMT")a Delaware limited liability company; and The Vestal Group, Inc. ("Vestal"), the parent of SM Timing, Inc., a Delaware corporation, both having offices at 730 West 17th Street, Costa Mesa, California 92627.

WHEREAS, Madden and SMT entered in a certain license agreement dated June 21, 2006, with Madden as Licensor, SMT as Licensee, and Vestal as Guarantor (the "License Agreement"); then

*WITNESSETH:*

1. The License Agreement is hereby terminated effective as of December 14, 2007, at which time all rights of Licensee in and to the Trademarks and any derivatives shall cease, and any rights granted to Licensee under the License Agreement shall revert to Licensor, along with any and all designs and intellectual property, as set forth in the License Agreement.

2. SMT shall not sell any product with the Trademarks or any variation thereof (the "Licensed Product") at any time to any party. There shall be no disposal of any Licensed Product without the approval of Madden in writing.

3. Simultaneous with the execution of the Agreement, SMT and/or Vestal shall pay to Madden the sum of Fifty Thousand Dollars ($50,000.00) in full and complete settlement of all financial obligations under the License Agreement. If SMT and/or Vestal shall fail to pay such amount to Madden as aforesaid, such failure shall be deemed to be a material breach of the License Agreement and shall entitle Madden to all of its rights and remedies under the license Agreement and otherwise at law or in equity. Additionally, in exchange for the payment of $50,000.00, Madden and Madden's agents, successors, and assigns, hereby irrevocably and unconditionally release, and discharge SMT and/or Vestal, and any entity associated with SMT and/or Vestal, directly or indirectly, and their respective shareholders, directors, officers, employees, agents, attorneys and successors from any and all complaints, causes of action, rights, damages (including all attorneys' fees and costs), demands, debts, liabilities or accountings relating to the License Agreement, specifically including but not limited to the dismissal of the current litigation between Madden and SMT and/or Vestal identified as case number 07 CIV 9838 (collectively, "Claims"), of any nature whatsoever, which Madden may have or claim to have against SMT and/or Vestal concerning any matter whatsoever, including

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

but not limited to any and all Claims related to any relationship between Madden and SMT and/or Vestal.

4.      Both SMT and Vestal agree not to make any public statements regarding either the Agreement or the termination of the License Agreement, except for Madden's public filings or other such announcement as may be required by law. Madden shall be solely responsible for any public announcement(s). Any such announcement(s) shall not contain any disparaging words about either Licensee or Guarantor.

5.      Any terms capitalized but not defined herein shall have the same meaning ascribed to them in the License Agreement.

IN WITNESS WHEREOF, each party has executed this Agreement as of the day and year first written above.

STEVEN MADDEN, LTD.

By: Jameson Karson
Title: CEO

SM TIMING, LLC

By: 
Title: officer

THE VESTAL GROUP, INC.

By: 
Title: officer

This fax was received by GFI FAXmaker fax server. For more information, visit http://www.gfi.com